# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SALOMON RAMOS, JORGE RAMOS,**
**and MIGUEL RAMOS,**

    **Plaintiffs,**

v.                                          Case No. 8:11-cv-642-T-30MAP

**BURGER KING CORPORATION,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 18) and Defendant's Amended Response in opposition (Dkt. 68). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be denied.

## BACKGROUND

Plaintiffs Salomon Ramos, Jorge Ramos, and Miguel Ramos (collectively "Plaintiffs") are seeking conditional certification of a nation-wide collective action claiming that Defendant Burger King Corporation ("BKC") misclassified them and all "similarly situated" restaurant general managers and assistant managers as exempt, thereby denying them overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §206, *et seq*. ("FLSA").

BKC currently owns and operates 866 restaurants located in 18 states, including 255 restaurants in Florida. From April 1, 2008, through August 30, 2011, BKC employed approximately 1,400 individuals in the positions of restaurant general manager and assistant restaurant manager.

At this early stage, "the notice stage," Plaintiffs must show that there are other similarly situated employees who desire to opt-in to the action. The Court finds that Plaintiffs do not meet their burden and, therefore, the Court will not certify the class.

## **DISCUSSION**

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under §216(b). *Cameron-Grant v. Maxim Healthcare Systems*, 347 F.3d 1240, 1242 (11th Cir. 2003) (*citing Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted --

whether notice of the action should be given to potential class members." *Id.* at 1243. The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on Plaintiffs to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in. *Rodgers v. CVS Pharmacy, Inc.*, 2006 WL 752831 at *3 (M.D. Fla 2006) (*quoting Haynes v. Singer Co*., *Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983)). Mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification. *Id.*; *see also David v. Associated Out-Door Clubs, Inc.,* 2010 WL 1730702 (M.D. Fla. April 27, 2010).

Here, there are three named Plaintiffs and eight individuals who have filed consents to join. Plaintiffs' affidavits, however, fail to identify any other individuals who would be interested in opting into this action. And BKC offers declarations from numerous managers stating they have no interest in joining this action. The Court, however, need not decide the issue of whether Plaintiffs provided sufficient evidence that other employees want to opt-in this action because Plaintiffs fail to establish that the employees are similarly situated. Specifically, Plaintiffs' affidavits are not probative of the similarly situated question because they merely offer conclusory allegations and provide no real evidence, beyond their speculative beliefs, that all BKC managers across the nation, regardless of location or experience, receive the same compensation and are required to work in the same manner.

Importantly, BKC's restaurants are categorized as either high, mid, or low volume restaurants based on their amount of annual sales. In the lower sales volume restaurants, general managers are usually less experienced, often have fewer assistant managers assigned to them, and have lower traffic in and out on a daily basis. In contrast, general managers in higher sales volume restaurants are typically more experienced, have more assistant managers assigned to them, and have a higher amount of traffic in and out on a daily basis. The managers in high volume restaurants also directly supervise more employees and have to manage larger budgets.

The declarations offered from BKC from ten assistant and general managers from other BKC restaurants in the Tampa area, as well as two district managers and two area directors, demonstrate that assistant managers and general managers perform significant managerial duties as their primary job function, and that the managers' roles vary depending upon the size of the restaurant, volume of sales, discretion and experience level of the managers, and the restaurant's hours of operation.

In sum, Plaintiffs' affidavits fall woefully short of meeting the similarly situated standard. Plaintiffs rely almost exclusively on purported common job titles to request certification. Plaintiffs ask this Court to approve notice to all general and assistant managers nationwide, yet do not provide any facts based on personal knowledge substantiating the conclusory assertion that all general and assistant managers are similarly situated. "[F]ederal courts across the Middle and Southern Districts of Florida have routinely denied requests for

conditional certification where, as here, the plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees." *Rappaport v. Embarq Mgmt. Co.*, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007) (listing many cases denying conditional certification based on conclusory allegations).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 18) is DENIED.

2. The parties shall file an Amended Case Management Report within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-642.mtcertifyflsa18.frm